TRINETTE G. KENT (State Bar No. 025180)
11811 North Tatum Blvd., Suite 3031
Phoenix, AZ 85028
Telephone:  (480) 247-9644
Facsimile:  (480) 717-4781
E-mail: tkent@lemberglaw.com

*Of Counsel to*
Lemberg & Associates LLC
A Connecticut Law Firm
1100 Summer Street
Stamford, CT  06905
Telephone:  (203) 653-2250
Facsimile:  (203) 653-3424

Attorneys for Plaintiff,
Grant Newman

## IN THE UNITED STATES DISTRICT COURT

### FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Grant Newman,<br><br>          Plaintiff,<br><br>     vs.<br><br>Stuart Allan and Associates, Inc.; and<br>DOES 1-10, inclusive,<br><br>          Defendants. | Case No.:<br><br>**COMPLAINT**<br><br><br>**JURY TRIAL DEMANDED** |

For this Complaint, the Plaintiff, Grant Newman, by undersigned counsel, states as follows:

## JURISDICTION

1.     This action arises out of Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA") in their illegal efforts to collect a consumer debt.

2.     Original and supplemental jurisdiction exists pursuant to 28 U.S.C. §§ 1331, 1367.

3.     Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that Defendants transact business here and a substantial portion of the acts giving rise to this action occurred here.

## PARTIES

4.     The Plaintiff, Grant Newman (hereafter "Plaintiff"), is an adult individual residing in Tucson, Arizona and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

5.     The Defendant, Stuart Allan and Associates, Inc. (hereafter "SAA"), is an Arizona company with an address of The Stuart Allan Building, 5447 East Fifth Street, Suite 110, Tucson, Arizona 85711-2345, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

2

6.     Does 1-10 (the "Collectors") are individual collectors employed by SAA and whose identities are currently unknown to the Plaintiff.  One or more of the Collectors may be joined as parties once their identities are disclosed through discovery.

7.     SAA at all times acted by and through one or more of the Collectors.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

### A. The Debt

8.     The Plaintiff allegedly incurred a financial obligation (the "Debt") to Columbus Village Apartments (the "Creditor").

9.     The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

10.     The Debt was purchased, assigned or transferred to SAA for collection, or SAA was employed by the Creditor to collect the Debt.

11.     The Defendants attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

### B. SAA Engages in Harassment and Abusive Tactics

12.     Beginning in or around April 2012, SAA began contacting Plaintiff in an attempt to collect the Debt by placing numerous calls to Plaintiff's cellular phone, residential phone, and place of employment.

3

13.     During the initial conversation, SAA threatened Plaintiff that if he did not satisfy the Debt immediately, then SAA would garnish Plaintiff's wages.

14.     During this conversation, SAA falsely informed Plaintiff that it had obtained a judgment against Plaintiff and the judge could issue an order for garnishment.

15.     However, at the time of this conversation, there was no such judgment against Plaintiff, and SAA had no legal ability to affect immediate garnishment without first providing Plaintiff with the proper notices as required by law.

16.     During other conversations, SAA was extremely demeaning towards Plaintiff and told Plaintiff that his family would be out on the streets, and Plaintiff was to blame.

17.     Out of fear, Plaintiff provided a credit card account number for SAA to make payment withdrawals.

18.     Despite receiving Plaintiff's account number, SAA did not make any withdrawals to use towards satisfying the Debt.

19.     In or around November of 2012, SAA again started placing calls to Plaintiff and accusing Plaintiff of missing payments.

20.     SAA repeated its threat of garnishing Plaintiff's wages.

21.     Additionally, SAA left a voicemail for Plaintiff, stating that it would have someone serve Plaintiff at his house.

4

22.     To date, no such legal action has been taken and, upon information and belief, SAA threatened such action to intimidate Plaintiff into satisfying the Debt.

23.     Furthermore, SAA failed to send Plaintiff written validation of the Debt, including Plaintiff's rights under the law, as required by 15 U.S.C. § 1692g.

**C. Plaintiff Suffered Actual Damages**

24.     The Plaintiff has suffered and continues to suffer actual damages as a result of the Defendant's unlawful conduct.

25.     As a direct consequence of the Defendant's acts, practices and conduct, the Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

## COUNT I

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. § 1692, et seq.

26.     The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

27.     The Defendant engaged in behavior the natural consequence of which was to harass, oppress, or abuse the Plaintiff in connection with the collection of a debt, in violation of 15 U.S.C. § 1692d.

28.     The Defendant used profane and abusive language when speaking with the consumer, in violation of 15 U.S.C. § 1692d(2).

29.     The Defendant used false, deceptive, or misleading representation or means in connection with the collection of a debt, in violation of 15 U.S.C. § 1692e.

30.     The Defendant misrepresented the character and legal status of the debt, in violation of 15 U.S.C. § 1692e(2).

31.     The Defendant threatened the Plaintiff with garnishment if the debt was not paid, in violation of 15 U.S.C. § 1692e(4).

32.     The Defendant threatened to take legal action, without actually intending to do so, in violation of 15 U.S.C. § 1692e(5).

33.     The Defendant employed false and deceptive means to collect a debt, in violation of 15 U.S.C. § 1692e(10).

34.     The Defendant used unfair and unconscionable means to collect a debt, in violation of 15 U.S.C. § 1692f.

35.     The Defendant failed to send Plaintiff an initial letter within five days of its initial contact with Plaintiff as required by law, in violation of 15 U.S.C. § 1692g(a).

36.     The foregoing acts and omissions of the Defendant constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

37.     The Plaintiff is entitled to damages as a result of the Defendant's violations.

## **PRAYER FOR RELIEF**

WHEREFORE, the Plaintiff prays that judgment be entered against the Defendant:

6

A. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against the Defendant;

B. Statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against the Defendant;

C. Costs of litigation and reasonable attorneys' fees pursuant to 15 U.S.C. § 1692k(a)(3) against the Defendant;

D. Actual damages from the Defendant for all damages, including emotional distress suffered as a result of the intentional, reckless, and/or negligent FDCPA violations in an amount to be determined at trial; and

E. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

DATED:  December 28, 2012                    LEMBERG & ASSOCIATES, LLC


                                                             By:  _/s/  Trinette G. Kent_____
                                                             Trinette G. Kent

                                                             Attorney for Plaintiff,
                                                             Grant Newman